UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

KENNETH B. ADAMS,                    )
                                     )   No. CV-11-0344-CI
            Plaintiff,               )
                                     )   ORDER DENYING PLAINTIFF'S
v.                                   )   MOTION FOR SUMMARY JUDGMENT
                                     )   AND GRANTING DEFENDANT'S
CAROLYN W. COLVIN, Commissioner      )   MOTION FOR SUMMARY JUDGMENT
of Social Security,[1]               )
                                     )
            Defendant.               )
                                     )

        BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF

No. 13, 15.  Attorney Maureen Rosette represents Kenneth Adams

(Plaintiff); Special Assistant United States Attorney Daphne Banay

represents the Commissioner of Social Security (Defendant).  The

parties have consented to proceed before a magistrate judge.  ECF

No. 8.  After reviewing the administrative record and briefs filed

by the parties, the court **DENIES** Plaintiff's Motion for Summary

Judgment, and directs entry of judgment for Defendant.

                          **JURISDICTION**

        Plaintiff protectively filed for disability insurance benefits

(DIB) and Supplemental Security Income (SSI) on July 24, 2009,

_____

        [1] Carolyn W. Colvin became the Acting Commissioner of Social

Security on February 14, 2013.  Pursuant to FED. R. CIV. P. 25(d),

Carolyn W. Colvin is substituted for Michael J. Astrue as the

Defendant in this suit.  No further action need be taken to continue

this suit.  42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

alleging disability due to depression and mental health problems with an onset date of September 1, 2009. Tr. 156, 159-60. Benefits were denied initially and on reconsideration. Plaintiff timely requested a hearing before an administrative law judge (ALJ), which was held before ALJ Marie Palachuk on November 2, 2010. Tr. 18. Plaintiff, who was represented by counsel, medical expert R. Thomas McKnight, Ph.D., and vocational expert K. Diane Kramer (VE) testified. Tr. 32-66. On December 10, 2010, the ALJ denied benefits. Tr. 18-26. On September 6, 2011, Plaintiff submitted additional evidence to the Appeals Council and requested review of the ALJ's decision. Tr. 204-07, 325-368. The Appeals Council denied review. Tr. 5-8. The matter now is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here. At the time of the hearing, Plaintiff was 42 years old, divorced with three children who lived with their mother. He testified he had a ninth grade education and a high school equivalency degree. Tr. 51. Plaintiff reports he has past work experience as a laborer, a sprinkler installer, a railroad conductor, and property maintenance worker. Tr. 52-53, 161, 168. According the VE, Plaintiff's longest employment was as a sprinkler installer. Tr. 62, 161. Plaintiff testified he had last worked as a railroad conductor for several years, but was laid off and not called back to work. Tr. 52-54. He reported an attempt to return to school during the past fall, but stated it was too overwhelming for him to continue. Tr. 53.

Plaintiff claims back and knee pain along with depression and anxiety have made him unable to sustain work.  Tr. 55-56, 58-59, 61.

**ADMINISTRATIVE DECISION**

After finding Plaintiff met DIB insured status requirements through December 31, 2008, ALJ Palachuk found Plaintiff had not engaged in substantial gainful activity since September 1, 2003. Tr. 20.  At step two she found Plaintiff had severe impairments of personality disorder and polysubstance abuse disorder.  *Id*.  She found evidence of back pain and right knee pain did not establish more than a de minimis interference with Plaintiff's work ability and medical evidence did not establish the provisional diagnoses of depressive disorder and generalized anxiety disorder.  Thus, she concluded these impairments were non-severe.  *Id*.  At step three, the ALJ found Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings).  Tr. 21.

At step four, the ALJ discussed the medical evidence and found Plaintiff's self-reported symptoms and limitations were not credible to the extent they were inconsistent with an ability to perform a full range of work at all exertional levels with the following non-exertional limitations:

> The claimant has the ability to understand, remember, and follow simple routine repetitive and some complex instructions, and carry out those tasks.  The claimant should have no contact with the public and minimal superficial contact with co-workers, best dealing with things rather than people.

Tr. 22.  Based on this residual functional capacity (RFC) and VE

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

testimony, the ALJ found Plaintiff could perform his past work as a lawn sprinkler installer, a railroad conductor, an operating engineer, or landscape laborer.  Tr. 25-26.  She concluded Plaintiff was not disabled as defined by the Social Security Act during the relevant period.  Tr. 20-21.

### STANDARD OF REVIEW

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971).  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett* v. Apfel, 180 F.3d 1094, 1097 (1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of

entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a), 416.920(a). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ (1) failed to fully develop the record or allow Plaintiff to submit relevant records from mental health providers; (2) improperly rejected medical opinions from examining psychologist Scott Mabee, Ph.D.; and (3) improperly relied on medical expert testimony. ECF No. 14 at 7-14. Defendant responds the Commissioner's decision is supported by substantial evidence and free of legal error. ECF No. 16.

### DISCUSSION

**A.   Development of the Record**

Plaintiff claims the ALJ should have obtained additional treatment records from Spokane Mental Health regarding his mental health functioning. Specifically, he contends the ALJ's record did not include mental health records after September 24, 2009, and, thus, the ALJ had a duty to request more recent treatment records to

1   properly evaluate his mental condition.  ECF No. 14 at 9.

2       Generally, an ALJ's duty to supplement the record is triggered
3   by ambiguous evidence or when the record is inadequate to properly
4   evaluate the evidence.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th
5   Cir. 2001).  It is within the ALJ's discretion to develop the record
6   if additional evidence is necessary to resolve a conflict or clear
7   up any ambiguity in the record.  The claimant must show prejudice or
8   unfairness in the proceedings to be entitled to a remand.  *Hall v.*
9   *Secretary of Health, Ed. and Welfare*, 602 F.2d 1372 (9th Cir. 1979).

10      Plaintiff's assertions that there are additional records from
11  Spokane Mental Health that should have been reviewed by the ALJ is
12  not supported by his testimony or other mental health records.  The
13  hearing transcript shows that, in response to the ALJ's questioning,
14  Plaintiff testified he did not receive treatment from Spokane Mental
15  Health prior to 2009.  Tr. 57.  The record before the ALJ contained
16  Spokane Mental Health records dated from March 2009 through
17  September 24, 2009.  Tr. 231-261.  These records were considered by
18  the ALJ in her decision.  Tr. 24, 208, 234-35.

19      In addition, the record shows Plaintiff obtained records from
20  Dr. Mabee in October 2010, which includes a September 2010
21  evaluation.  Tr. 280-95.  These records were submitted to the ALJ
22  prior to the hearing and considered by the ALJ.  Tr. 25, 280-95.  In
23  his report, Dr. Mabee noted Plaintiff had not been in counseling
24  since he was last seen in January 2010, three months after the last
25  Spokane Mental Health record.  Tr. 281, 285.

26      At the November 2010 hearing, Plaintiff's counsel requested
27  additional time to submit additional evidence. The ALJ indicated the

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

record would remain open for two weeks after the hearing. No additional mental health records were submitted. Tr. 35, 65.

Finally, it is noted on review that the Appeals Council allowed submission of additional records on or before March 26, 2011. Tr. 7. Plaintiff's representative timely submitted records from Sacred Heart Medical Center, the Community Health Association, and Deaconess Medical Center which the Appeals Council considered prior to denying review. Tr. 1-2. These records are part of the record on review by this court. *Brewes v. Commissioner of Social Sec. Admin.*, 682 F.3d. 1157, 1161-62 (9th Cir. 2012). The court has reviewed the submitted medical records, dated from 1984 through November 2010, and finds nothing in the new evidence that reasonably would change the outcome of the administrative proceedings. *See* Tr. 5, 7, 297-368. Therefore, remand for consideration of new evidence is not appropriate. *Mayes*, 276 F.3d at 462.

Plaintiff has not established the record is ambiguous or that additional mental health records exist that warrant a remand for further development of the record. Plaintiff's argument that remand is required for consideration of additional evidence fails.

**B.  Evaluation of Medical Opinions**

Plaintiff argues the moderate and marked limitations assessed by Dr. Mabee and his associate Abigail Osborne-Elmer, M.S., L.M.H.C., in June 2009 and September 2010 were improperly rejected and once credited, support a more restrictive RFC determination. He also contends the ALJ's reliance on the opinions of medical expert R. Thomas McKnight, Ph.D., was legal error. ECF No. 14 at 10-12.

As an examining medical source, Dr. Mabee's opinions can only be rejected with "clear and convincing" reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  If his medical opinions are contradicted, they must be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record.  *Andrews v. Shalala,* 53 F.3d 1035, 1043 (1995). Rejection of a medical source opinion is specific and legitimate where the medical source's opinion is inconsistent with his own medical records, treatment notes, and/or objective data. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041(9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 631-32 (9th Cir. 2007).  At all times, the ALJ's explanation for weight given a medical source opinion must be supported by substantial evidence in the record.  *Lester*, 81 F.3d at 830-31.

Because Ms. Osborne-Elmer's assessment was supervised, reviewed, and endorsed by Dr. Mabee, a licensed psychologist, the court construes her opinions as those of an acceptable medical source.  Tr. 213; *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234 (9th Cir. 2011) (*citing Gomez v. Chater*, 74 F.3d 967, 971 (9th Cir. 1996) (nurse practitioner, closely supervised by a physician, considered acceptable medical source for purposes of opinion weight).  To the extent the ALJ rejected Ms. Osborne-Elmer's opinions because she is not an acceptable medical source, that reasoning is error.  As discussed below, other legitimate reasons were given for discounting Ms. Osborne-Elmer's opinion, so the error is harmless. *Carmickle v. Astrue,* 533 F.3d 1155, 1162-63 (9th Cir. 2008).

Independent review of the June 2009 report shows Ms. Osborne-Elmer's narrative conclusions are largely consistent with the ALJ's final RFC determination. For example, Ms. Osborne-Elmer reported objective tests administered during the evaluation suggest Plaintiff was exhibiting symptoms of "mild psychological distress." Tr. 211. She also concluded Plaintiff was still able to work - noting that despite poor attitude and a likelihood of becoming frustrated and overwhelmed, he "should be able to complete simple and relatively complex tasks with minimal problems" and "be able to complete entry-level tasks with minimal problems."  Tr. 212.  She recommended jobs with "minimal contact with other people, including the general public and supervisors;" and noted "his ability to persist in a regular work environment appears to be only mildly limited." *Id*. These limitations are reflected to a considerable degree in the ALJ's final RFC.  Tr. 22.

The ALJ specifically found that moderate limitations identified in Ms. Osborne's form evaluation, Tr. 222-225, warranted little weight because they are based on Plaintiff's unreliable self-report and because Plaintiff had a financial incentive to exaggerate his symptoms to justify continuation of state benefits.  Tr. 25. These are "specific" and "legitimate" reasons for assigning little weight to an examining medical opinion. *Tommasetti*, 533 F.3d at 1041; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  As found by the ALJ, Plaintiff's symptom complaints are not entirely credible.  Tr. 23.  Her unchallenged credibility determination is supported by evidence from the entire record, including examples of Plaintiff's inconsistent statements to providers, self-reported

ability to work for room and board and the fact that he stopped working due to being laid off rather than due to mental or physical impairments.   Tr. 23-24.

In  further  support  of  the  little  weight  given  moderate limitations assessed, the ALJ referenced Ms. Osborne-Elmer's "rule out diagnosis" of possible drug and alcohol abuse that was factored into the 2009 functional limitations findings.  Tr. 24-25, 224.  The ALJ reasonably concluded the possibility of substance abuse was cause to discount the severity of functional limitations assessed. *See* 20 C.F.R. §§ 404.1535, 416.935 (factoring effects of drug and alcohol abuse in determining disability).

It is also noted on review that Ms. Osborne-Elmer did not expect Plaintiff's impairments to last more than nine months, less than the duration requirement for an impairment as defined by the Social  Security  regulations.   Tr.  225;  20  C.F.R.  §§  404.1508, 416.908.  The ALJ's evaluation and explanation of the limited weight given "moderate" functional limitations noted in the 2009 report is supported by substantial evidence and free of harmful error.

Regarding the September 2010 evaluation by Dr. Mabee, the ALJ likewise gave legitimate, specific reasons for the little weight given some of his opinions.   Tr. 25.   Specifically, she found limitations in cognitive functioning are not supported by the "average" objective test scores reported by Dr. Mabee or the psychologist's observations that Plaintiff had no problems following test instructions or completing the test.   Tr. 25.   Internal inconsistencies in a medical source report is a specific and legitimate reason to reject the conclusions. *Tommasetti*, 533 F.3d

at 1041.  Also, as found by the ALJ, objective test scores indicate Plaintiff's profile was invalid due to his over-reporting of dysfunction.  Tr. 25, 286.   The ALJ rationally concluded Dr. Mabee's diagnoses, based on an invalid test, would be unreliable and deserving of little weight.  Tr. 25.  Plaintiff's disagreement with this interpretation is not sufficient to undermine the ALJ's decision.  *Sprague*, 812 F.2d at 1229-1230.  The ALJ did not err in finding that the MMPI profile generated by Plaintiff's exaggerated responses and relied upon by Dr. Mabee (*i.e,* an individual experiencing a lack of interest, depression, who is socially introverted, disengaged, with serious thought dysfunction, and emotional distress "likely to be perceived as a crisis,") resulted in Axis I diagnoses that deserved little weight.  Tr. 25, 283.

The ALJ's evaluation of evidence from Dr. Mabee and his associate is supported by substantial evidence.  Her findings are consistent with the examiner's narrative findings and she gave legally sufficient reasons for discounting the severity of limitations noted on "check box" form summaries that accompany narrative conclusions regarding Plaintiff's ability to work.  *See Molina v. Astrue*, 674 F.3d 1104, 1111-1112 (9th Cir. 2012)(*citing Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996)(unexplained check box opinions disfavored). The Commissioner's final RFC determination reflects a rational interpretation of the Mabee/Osborne-Elmer evaluations, properly includes all limitations supported by the record in its entirety, and may not be disturbed.

**C.   Reliance on Dr. McKnight's Testimony**

Courts have upheld an ALJ's decision to reject the opinion of

an examining physician based in part on the testimony of a non-examining medical advisor. *Lester*, 81 F.3d at 831. The analysis and opinion of an expert selected by an ALJ may be helpful in his adjudication, and the court should not second guess the ALJ's resolution of conflicting medical testimony. *Andrews,* 53 F.3d at 1041(*citing Magallanes v. Bowen,* 881 F.2nd 747, 753 (9th Cir. 1989). Further, testimony of a medical expert may serve as substantial evidence when supported by and consistent with other evidence in the record. *Id.* If supported by substantial evidence, the ALJ's decision must be upheld, even where the evidence is susceptible to more than one rational interpretation. *Andrews,* 53 F.3d at 1039-40.

Review of the entire record, including Dr. Knight's testimony, shows the ALJ's interpretation of the evidence is reasonable and her final RFC determination is supported by substantial evidence. As clearly stated by the ALJ, Dr. Knight's opinions were not relied upon exclusively. Tr. 24. Specifically, the ALJ found,

> Although the medical expert noted that the claimant should have no functional limitations based on test scores and mental status examinations, the undersigned has given the claimant the benefit of the doubt and included some psychological limitations based on the evaluations by Abigail Osborne-Elmer . . . and W. Scott Mabee.

Tr. 24. Plaintiff fails to reference specific medical expert findings relied upon by the ALJ that amount to reversible error. His general objection to the ALJ's consideration of Dr. McKnight's properly obtained expert testimony is without merit.

### CONCLUSION

The Commissioner's denial of benefits is supported by substantial evidence and without legal error. Accordingly,

1          **IT IS ORDERED:**

2          1.    Plaintiff's Motion for Summary Judgment, **ECF No. 13,** is

3    **DENIED.**

4          2.    Defendant's Motion for Summary Judgment, **ECF No. 15**, is

5    **GRANTED.**

6          The District Court Executive is directed to file this Order and

7    provide a copy to counsel for Plaintiff and Defendant. Judgment

8    shall be entered for **Defendant**, and the file shall be **CLOSED.**

9          DATED May 28, 2013.

10

11                    _____
                      S/ CYNTHIA IMBROGNO
                      UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13